## Mohr Estate

*Donald L. LaBarre,* for the accountant.

GEARHART, P. J., November 27, 1959.—George Mohr died January 30, 1959, leaving a last will and testament dated December 9, 1947, together with codicils dated December 28, 1953, and March 26, 1958, all of which were duly probated before the Register of Wills of Lehigh County.

The executor has filed his account and it is before us for audit. No objections have been lodged to any items of debit or credit contained therein but a question on the construction of testator's will has been submitted to the court for disposition.

Testator in the sixth item of his will directed that his property be converted into cash and then stated: ". . . the balance of my estate shall be divided into five equal shares one of which is to be paid to the heirs of my deceased brother Calvin Mohr, one share to my deceased brother Obediah Mohr's heirs, one to the heirs of my deceased brother Oscar Mohr, and one share to

my brother Joseph Mohr, and one share to my sister Ida Wieder and to their heirs and assigns."

It is agreed that the bequests of "one share to my brother Joseph Mohr, and one share to my sister Ida Wieder" present no problem. Joseph Mohr predeceased testator, leaving to survive him two daughters, Minnie Snyder and Grace Huber, and one son of a deceased daughter, Hattie Woll. Ida Wieder predeceased testator, leaving to survive her two sons, Earl Wieder and George E. Wieder.

Section 14(8) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14(8) provides:

*"Lapsed and Void Devises and Legacies; Substitution of Issue.* A devise or bequest to a child or other issue of the testator or to *his brother or sister* or to a child of his brother or sister whether designated by name or as one of a class shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes the share which their deceased ancestor would have taken had he survived the testator; . . ."

Accordingly, the bequests to Joseph Mohr and Ida Wieder are saved from lapsing and are now payable to their surviving issue.

As to the other three share, the facts are as follows:

Calvin Mohr, a brother of testator, predeceased testator. He left to survive him no wife but children and issue of deceased children.

Obediah Mohr, a brother of testator, predeceased testator leaving to survive him his widow, Jane Mohr, who, however, predeceased testator. Obediah also left children and issue of deceased children who survived testator.

Oscar Mohr, a brother of decedent, predeceased testator and left to survive him his widow, Lucy Mohr,

who, however, also predeceased testator. Oscar Mohr also was survived by children and issue of deceased children living at the death of testator.

We have here a situation in which the spouses of Obediah and Oscar were in existence at the date of the execution of the will but were not living at the date of testator's death. In the case of Calvin Mohr, his wife predeceased him. The question has been raised as to whether the estates of the widows of Obediah and Oscar can participate in this distribution.

Section 14(4) of the Wills Act of 1947, 20 PS §180.14 (4), provides:

"Meaning of 'heirs' and 'next of kin' etc.—Time of ascertaining class. A devise or bequest of real or personal estate, whether directly or in trust, to the testator's or another designated person's 'heirs' or 'next of kin,' or 'relatives', or 'family' or to 'the persons thereunto entitled under the intestate law,' or to persons described by words of similar import, shall mean those persons, including the spouse, who would take under the intestate laws if the testator or other designated person *were to die intestate at the time when such class is to be ascertained,* a resident of the Commonwealth, and owning the estate so devised or bequeathed: Provided, however, That the share of a spouse, other than the spouse of the testator, shall not include the ten thousand dollar allowance under the intestate laws. *The time when such class is to be ascertained shall be the time when the devise or bequest is to take effect in enjoyment.*"

Counsel for the accountant informed the court research has not produced a factual situation similar to the one before us. Section 14(4) is a new clause and the Commissioners state:

"It is an extension of the Act of 1923, P.L. 914, 21 P.S. Section 11, to include gifts in remainder to heirs

of a person other than the testator. In all such cases it is desirable to have the class determined as of the time the remainder falls in, unless the testator directs otherwise."

In examining the clause and applying it to the facts as we have them here, we find that there is a bequest to "another designated person's heirs" i.e., the bequest was to the heirs of testator's three deceased brothers. The clause under consideration then states that the bequest to heirs under such conditions "shall mean those persons including the spouse who would take under the Intestate Laws if the testator or other designated person were to die intestate at the time when such class was to be ascertained". The last sentence of the clause states when the class is to be ascertained, i.e.: "The time when such class is to be ascertained shall be the time when the devise or bequest is to take effect in enjoyment."

The bequest given to the heirs of the three deceased brothers naturally cannot "take effect in enjoyment" until the death of testator. Here there is no intervening life estate nor an estate for years, the gift is immediate and takes effect in enjoyment at the death of testator. At the death of testator the spouses of the deceased brothers were not in existence. Hence, they were not in the class of heirs entitled to participate. Only those persons who would take under the intestate laws if the brothers had died intestate at the time when the class was ascertained, can participate.

While we have been unable to discover a factual case similar to the one before us, the history of section 14(4) of the Wills Act of 1947 is adequately and interestingly discussed by Bregy in his book "Intestate, Wills and Estates Acts of 1947", pages 3051 to 3068, inclusive, particularly the examples as given on pages 3064 and 3065.

Accordingly, the account is confirmed and distribution will be made as set forth in the body of this adjudication.

This decree to become final unless exceptions are filed within 10 days herefrom.